UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MASTERSPAS, INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-362-TS |
| ) | |
| MASTER SPAS OF UTAH, INC., ) | |
| and RICHARD T. FRENCH, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Plaintiff MasterSpas, Inc., a spa manufacturer, sued Defendants Master Spas of Utah, Inc., (MSU) and Richard T. French to recover monies that MSU owes it for sold and delivered product. French is named as a Defendant because he personally guaranteed the payment of these debts. Asserting Utah law, the Defendants counterclaimed against the Plaintiff for rescission of a dealer agreement, and any ancillary or related agreements, including French's personal guaranty.

This matter is before the Court on the Defendants' Motion to Transfer Venue [DE 19], filed on July 19, 2006. The Plaintiff asserts in its Complaint that venue is appropriate in this diversity action because MSU is deemed to reside in this judicial district according to 28 U.S.C. § 1391(a) and (c). The Defendants do not dispute that venue is proper in this district, but request that the Court transfer this action to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1404(a).

**FACTUAL BACKGROUND**

MasterSpas is an Indiana corporation with its principal place of business in Fort Wayne, Indiana, where it manufactures spas and related products. MSU is a Utah corporation with its principal place of business in Sandy, Utah.

On August 31, 2003, MasterSpas entered into a Personal Guaranty Agreement with French, the President of MSU, in which French personally guaranteed the prompt payment of all debts and obligations that MSU incurred. The Guaranty provides for the application of Indiana law to govern its terms: "This agreement is made under and pursuant to the laws of the State of Indiana and shall be governed by and construed and interpreted in accordance with the laws of the State of Indiana." (Guaranty 2.)

In 2003, MSU participated in a Spa, Pool, and Patio Expo. MSU contends that MasterSpas encouraged it to take part in the Expo and that it incurred substantial debt as a result of its participation. MasterSpas denies that it approached MSU about the Expo, but admits that it agreed to provide assistance to MSU by shipping truck loads of spas and gazebos with special purchase terms.

On November 7, 2003, MasterSpas and MSU executed an Authorized Dealer Agreement granting MSU the right to sell MasterSpas' products and a limited non-exclusive license to use MasterSpas' trademark and trade name. The Dealer Agreement provided that Indiana law would govern, "regardless of where the parties may reside" and also contained a Jurisdiction and Venue provision:

> The parties to this Agreement hereby agree that the courts of the State of Indiana, County of DeKalb, shall have jurisdiction over and serve as venue for all matters arising under this Agreement, and each party hereby consents to such jurisdiction and venue.

(Dealer Agreement 4, 6.)

In 2005, MSU and MasterSpas terminated their relationship. The parties made arrangements regarding the disposition of MasterSpas' products that remained in MSU's store in Utah. The parties dispute what those arrangements were, including whether MasterSpas agreed to satisfy any

2

unfulfilled purchase orders from MSU's customers. MasterSpas disputes that it undertook any such obligations and contends that it had already given MSU appropriate credit for its inventory. MSU disagrees with MasterSpas' accounting of their inventory and alleges that MasterSpas failed to fulfill the purchase orders and apply the income toward any debt.

On October 13, 2005, MasterSpas filed a federal complaint in the Northern District of Indiana, Fort Wayne Division. MasterSpas alleged that it sold and delivered spas and related products to MSU on an open account, and that MSU failed to pay for all product and owes MasterSpas the principal balance of $102,710.21 on this account.

After receiving the Plaintiffs' Complaint, the Defendants filed a Counterclaim seeking to rescind the Dealer Agreement under the theory that MasterSpas failed to comply with the requirements of the Utah Business Opportunity and Disclosure Act. The Defendants' theory is that the Dealer Agreement was an "assisted marketing plan" and a "business opportunity" and, as such, MaterSpas was required to file certain disclosures or exemptions and their failure to do so entitles MSU to rescind the contract. The Defendants allege that the Personal Guaranty, as an ancillary or related agreement, is also subject to rescission.

## DISCUSSION

The Defendants request that the Court transfer this case to the District of Utah. The Defendants advance three arguments in support of their motion to transfer venue: (1) Utah is the proper venue and jurisdiction because MSU and French reside in Utah and the events giving rise to the Plaintiff's claims took place in Utah; (2) the matter will be most conveniently, efficiently, and economically handled in Utah because many key witnesses reside there; and (3) a transfer to Utah

3

will serve the interests of justice because the counterclaim arises under a Utah statute.

The Plaintiff objects to transferring the case to Utah and argues that its choice of venue is entitled to substantial weight, a transfer would merely shift the inconveniences of the parties and witnesses, and the case involves questions of Indiana law.

**A.     Standard of Review**

Title 28 of the United States Code, § 1404(a), provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer under § 1404(a) is appropriate where the moving party establishes that "(1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State Farm Mutual Auto. Ins. Co. v. Bussell*, 939 F. Supp. 646, 650 (S.D. Ind. 1996).

For purposes of its Motion to Transfer, and because they are requesting transfer pursuant to 28 U.S.C. § 1404(a) and not under § 1406(a) for improper venue, the Defendants do not dispute that venue is appropriate in the Northen District of Indiana. They assert, as they must, that venue is also appropriate in the District of Utah because the Defendants are citizens of and reside in Utah, *see* 28 U.S.C. § 1391(a)(1) (diversity suit may be brought in "a judicial district where any defendant resides, if all defendants reside in the same State"), and because a substantial part of the events giving rise to the Plaintiff's claims occurred in Utah, *see* 28 U.S.C. § 1391(a)(2) (diversity suit may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). The Defendants also contend that they are subject to personal jurisdiction

4

in Utah and that the Plaintiff, likewise, is subject to personal jurisdiction in Utah by virtue of doing business there.

For its part, the Plaintiff does not contest the propriety of venue in Utah. As to jurisdiction, MasterSpas' points to the forum selection clause in the Dealer Agreement but states that it is "not relying solely on that provision." (Pf.'s Resp. 8.) MasterSpas does not say whether it is disputing that it would be subject to personal jurisdiction in Utah. (The Personal Guaranty, unlike the Dealer Agreement, does not contain a jurisdiction and forum selection clause.) Immediately after pointing to the Dealer Agreement's jurisdictional provision, it states that this Court's focus in addressing the Motion to Transfer Venue "must be upon whether the transfer will serve the convenience of the parties and witnesses and will serve the interests of justice." (Pf.'s Resp. 8.) This statement suggests that the first two prongs are not at issue and that the Court need only address the third prong of the § 1404(a) analysis, whether transfer to the District of Utah would serve the convenience of the parties and witnesses and the interests of justice. Each of the parties in this case believes that the balance of these factors weighs in favor of their chosen forum.

Because § 1404(a) does not dictate the relative weight to give any one of these factors, the district court must decide the Defendants' Motion "according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986).

**B.    Convenience of Parties and Witnesses**

The movant bears the burden of showing that the transferee court is clearly more convenient. *K & F Mfg. Co. v. W. Litho Plate & Supply Co.*, 831 F. Supp. 661, 664 (N.D. Ind. 1993). A transfer should not be granted if it will merely shift convenience from one party to another. *Id.* Moreover, the plaintiff's choice of forum is entitled to deference, especially when the action is brought in the plaintiff's home forum. *Piper Aircraft Co. v Reyno*, 454 U.S. 235, 255 (1981). An exception to this principle arises where the chosen venue has no connection to the plaintiff's underlying cause of action. *See Chicago R.F. & P.P. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir.1955) (holding that factor according "large measure of deference" to "plaintiff's freedom to select his own forum . . . has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff"); *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995) (noting that the weight given to the plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim).

The Defendants argue that this exception applies in this case and that the Court should not award any special deference to the Plaintiff's chosen venue. They assert that the Indiana contacts—the place where the Plaintiff has citizenship and manufactured spas—are wholly irrelevant to the central dispute: the amount of money, if any, that the Defendants owe the Plaintiff for products sold and delivered to MSU. The Defendants contends that they have identified several events that bear directly on the Plaintiff's claim that occurred, not in Indiana, but in Utah. These include the Expo, the valuation of inventory, and the Plaintiff's handling of MSU's customer contracts.

The Court does not find that the Indiana is without significant contacts. The product that MSU owes money for was manufactured and shipped from Indiana by an Indiana corporation. The

Plaintiff's purchase documents and unpaid invoices are located in Fort Wayne. MSU was to send payment for the delivered product to the Plaintiff's Fort Wayne office. The Guaranty the Plaintiff seeks to enforce was made pursuant to, and governed and interpreted in accordance with, the laws of Indiana.

These contacts give weight to the Plaintiff's choice of forum. The Court will accord the Plaintiff's chosen forum some deference, which should not be set aside lightly. It is with this in mind that the Court considers the three factors set forth in §1404(a).

The first factor, the convenience of the parties, is negated. One party is located in Indiana and the other is in Utah.[1] The Defendant asserts that Utah is nevertheless more convenient because most of the third-party witnesses are located in Utah or on the west coast.

When a court examines the convenience of witnesses, it must consider not only the number of potential witnesses, but also the nature and quality of their testimony, whether they can be compelled to testify, and the expense and time the witnesses would forfeit. *Goodin v. Burlington N. R.R. Co.*, 698 F. Supp. 157, 159 (S.D. Ill. 1988). The court should try to secure live testimony of witnesses whenever possible. *Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F. Supp. 1048, 1051 (N.D. Ill. 1982). The party asking for the transfer on the grounds of witness convenience must clearly specify the key witnesses to be called and include a generalized statement about what their testimony will include. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir.1989).

---

[1] Moreover, MSU waived its right to assert its own inconvenience as a reason to transfer a case involving the Dealer Agreement when it agreed to a forum selection clause. *Heller Fin.,* 883 F.2d at 1293; *IFC Credit Corp. v. Aliano Bros., Inc.*, 437 F.3d 606, 613 (7th Cir. 2006) (stating that presumption against transfer created by valid forum selection clause can be overcome only if there is inconvenience to some third party or the judicial system itself as distinct from inconvenience to the party seeking transfer) (quoting *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 375, 378 (7th Cir. 1990)).

Only two non-party witnesses reside in Indiana. The Defendants name five Utah witnesses who have information regarding either MSU's business, sales at the Expo, or both. Three of the five witnesses would testify solely about sales at the Expo. However, the Defendants have not explained the significance of the Expo to the Plaintiff's claim that French is personally liable for money that MSU owes it for delivered product or to the Defendant's counterclaim that the Dealer Agreement was the type of contract governed by the Utah Business Opportunity Disclosure Act. Accordingly, the Court cannot assess the materiality of the witnesses' anticipated testimony. Moreover, even if sales at the Expo were important to the claims in this case, the Defendants do not indicate why it would be necessary for three different witnesses to testify on this subject.

The two west coast witnesses, who were designated by the Plaintiff, live in Oregon and California. The Defendants argue that it would be more convenient for these witnesses to travel to Utah than to Indiana and that they are outside the Court's 100-mile subpoena range. The Court agrees that Utah would be slightly more convenient than Indiana but notes that the witnesses would be outside the Court's subpoena range whether the case is tried in Utah or Indiana.

Although more of the witnesses reside in Utah, MSU has not met its burden of establishing that the transferee forum is clearly more convenient. The Court cannot assess the materiality of the anticipated testimony of the Utah witnesses and there is no information regarding the expense and time any of the witnesses would forfeit it they were required to come to Indiana to testify. This factor does not compel transfer.

**C.**     **Interest of Justice**

The "interest of justice" factors "relate to the efficient administration of justice." *Coffey*, 796

F.2d at 221. It includes such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). For example, in a diversity action it is considered advantageous to have a federal judge who is familiar with the applicable state law try the case. *Coffey*, 796 F.2d at 221. The interests of justice "is a separate component of a § 1404(a) transfer analysis and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Id.* at 220 (citations omitted).

The Defendants argue that the interest of justice supports transfer because its counterclaim for rescission of the Dealer Agreement arises under Utah's Business Opportunity Disclosure Act. Without discussing the merits of the Defendants' counterclaim, the Court finds this argument unpersuasive. Both the Personal Guarantee and the Dealer Agreement contain choice of law provisions stipulating that Indiana law will govern their interpretation. Parties may generally choose the law that will govern their agreements. *Hoehn v. Hoen*, 716 N.E.2d 479, 484 (Ind. Ct. App. 1999). The Defendant have not pointed to any legal authority that would support overriding the parties' choice of law provision in this case. Thus, whether the Dealer Agreement was the type of contract that required the Plaintiff to make certain disclosures is determined according to Indiana law.

The Defendants also argue that the interest of justice will be served by moving the case to Utah because fewer civil cases were filed in 2005 in the District of Utah than in the Northern District of Indiana. Although this may be true, the Court thinks another statistic is more important. During the twelve month period ending March 31, 2005, the median time interval from filing to disposition of civil cases was slightly longer in the District of Utah than in the Northern District of Indiana. *See* http://jnet.ao.dcn/img/assets/5585/C05mar05.pdf (visited August 17, 2006). Cases that are resolved

9

by trial get disposition faster in Utah than in the Northern District of Indiana, but only by three months. *Id.* This matter is currently scheduled for trial on March 20, 2007, and the Court does not anticipate changing this date. There is no guarantee that a transfer would speed justice along. Rather, it is more likely that any transfer would delay the trial in this cause.

### D.     Balance of Factors Does Not Support Transfer

The Plaintiff's chosen forum is entitled to some deference. Here, this choice is not outweighed by the convenience of the parties or witnesses or the interest of justice. The District of Utah is not clearly more convenient. The proposed change of venue would merely shift the convenience to the Defendants, and any edge the witnesses would enjoy from such a move is not significant enough, in itself, to warrant a transfer. This is especially true given that transfer to Utah would not advance the efficient administration of justice.

### CONCLUSION

For the foregoing reasons, the Defendants' Motion to Transfer Venue [DE 19] is DENIED.

SO ORDERED on August 30, 2006.

                                                  s/ Theresa L. Springmann
                                                 THERESA L. SPRINGMANN
                                                 UNITED STATES DISTRICT COURT