UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MASTERSPAS, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:05-CV-362-TS |
| ) | |
| MASTER SPAS OF UTAH, INC., ) | |
| and RICHARD T. FRENCH, ) | |
|     Defendants. ) | |

## OPINION AND ORDER

Plaintiff MasterSpas, Inc., a spa manufacturer, sued Defendants Master Spas of Utah, Inc., (MSU) and Richard T. French to recover monies that MSU owes it for sold and delivered product. French was named as a Defendant because he personally guaranteed the payment of these debts. This Court had jurisdiction pursuant to 28 U.S.C. § 1332.

On January 3, 2007, the parties filed a Stipulation to Dismiss. Pursuant to the Stipulation, the Court ordered that judgment be entered in favor of Plaintiff MasterSpas in the amount of $119,143.84, plus costs, and against Defendant MSU. The claims against French were dismissed without prejudice. The order of dismissal also stated that the "Court retains jurisdiction over the Defendants with the ability to reopen this matter to enforce the compromise, settlement, and repayment agreement entered into between the parties." (DE 34.)

The Plaintiff now seeks to reopen the case and join an additional party. (DE 35.) On December 5, 2007, the Plaintiff moved to reopen the case for this Court to enforce the compromise, settlement, and repayment agreement and to add Angela French as a party Defendant because she guaranteed to the Plaintiff the payment of all monies due pursuant to the agreement. The Plaintiff claims that MSU and French have failed to make payments pursuant to the agreement, having only paid $15,000 and defaulting on payments for June, July, August,

September, October, and November 2007. The Plaintiff requests that the Court enter judgment in favor of MasterSpas and against Richard T. French and Angela French. The Plaintiff attaches a copy of the agreement to its motion.

In its order of dismissal, the Court explicitly retained jurisdiction to enforce the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–82 (1994) (recognizing that a district court's explicit retention of jurisdiction over a settlement agreement satisfies jurisdictional concerns). Therefore, the Court grants the Plaintiff's motion to reopen this matter and to add Angela French as a Defendant. However, it would be improper to enter judgment in favor of the Plaintiff on the authority of the unverified motion to reopen. The claims that the Defendant has failed to make payments and that $104,143.84 remains due are not supported by any citations to evidentiary materials. In addition, the Defendants have not had an opportunity to respond to the claims.

For the foregoing reasons, the Plaintiff's Motion [DE 35] is GRANTED in PART and DENIED in PART. This cause is reopened for the purpose of enforcing the compromise, settlement and payment agreement entered between Plaintiff MasterSpas and Defendants Richard French and MasterSpas of Utah on December 2, 2006. Angela French is added as a Defendant. A telephonic status conference is scheduled for Tuesday, January 22, 2008, at 3:00 PM before Judge Theresa L. Springmann. The Court will initiate the call.

SO ORDERED on January 9, 2008.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT